## THE STATE v. D. M. TUCKER, Appellant.

### Division Two, May 23, 1911.

1. **FORGERY: Lost Note: Proof of Contents.** While defendant cannot be compelled to produce a note he is charged with forging, he has a right to assume that parol evidence of the contents of the instrument in his possession will not be offered in evidence without giving him a reasonable opportunity to produce it.

2. ———:———: ———: **Reasonable Notice to Produce.** Defendant resided one hundred miles from the place of trial, which it required one nearly a whole day to reach He left home Sunday morning to attend the trial, and at 1:30 p. m. Monday

was served, at the place of the trial, with a written notice to produce at the trial the note he is charged with having forged, and which the evidence showed was delivered to him when he took it up by a renewal note. He was put upon his trial Tuesday. *Held*, that the notice to produce the note was not sufficient, and his conviction cannot stand.

Appeal from Pulaski Circuit Court.—*Hon. L. B. Woodside,* Judge.

REVERSED AND REMANDED.

*Watson & Holmes* and *Fred L. Scott* for appellant.

The court erred in admitting secondary evidence of the contents of the note alleged to have been forged, for the reason that there was no proper foundation laid for the introduction of such evidence. "On a prosecution for forgery the instrument alleged to have been forged must be produced at the trial, or its absence satisfactorily accounted for, before evidence can be given to prove the forgery, and, if the instrument is in the hands of the accused, sufficient notice must be given him to produce it." State v. Martin, 230 Mo. 680; State v. Flanders, 118 Mo. 237; 3 Greenleaf on Evidence (16 Ed.), sec. 107; 13 Am. and Eng. Ency. Law, 111; 2 Bish. New Crim. Proc., sec. 433; Underhill on Crim. Evidence, 490; State v. Kimbrough, 13 N. C. 431.

*Elliott W. Major,* Attorney-General, and *John M. Dawson,* Assistant Attorney-General, for the State.

(1) Bishop lays down the following rule, which rule has been approved by this court, as follows: "Before evidence of the forgery will be admitted at the trial, the forged instrument must be produced or its nonproduction be justified from necessity, as by showing that it is lost or destroyed, or not within reach of the process of the court, or is in the possession of

the defendant. And in the last instance, not in the others, reasonable notice must have been given him to produce it." 2 Bishop's New Crim. Proc., sec. 433; State v. Flanders, 118 Mo. 237; Rex v. Haworth, Car. & P. 254; State v. Kimbrough, 2 Dev. 431; Rex v. Hunter, 4 Car. & P. 128; Foulkes v. Commonwealth, 2 Rob. (Va.) 836. Reasonable notice was given appellant to produce the notes. The court properly allowed secondary evidence of the contents of the forged note. As to what is to be understood by the word "reasonable," the court is referred to the following authorities: Altshuler v. Coburn, 38 Neb. 881; State v. Van Versluis, 42 Minn. 129; In re Nice v. Schreiber, 123 Fed. 987; Ex parte Mirande, 73 Cal. 365; Jones v. Angell, 95 Ill. 376; State ex rel. v. Associated Press, 159 Mo. 410. Reasonable notice is defined to be such notice or information of a fact as may be expected or required under the particular circumstances. Sterling Mfg. Co. v. Hough, 49 Neb. 618; Halsey v. Salmon, 3 N. J. L. 916; In re Vanauken, 10 N. J. Eq. 186; Mallory v. Leiby, 1 Kas. 97.

BROWN, J.—Defendant appeals from a judgment of the circuit court of Pulaski county, sentencing him to serve a term of two years in the penitentiary, for the crime of forgery in the fourth degree.

The evidence shows that on September 9, 1907, the defendant delivered to the People's Bank of Dixon, Missouri, a promissory note for the principal sum of $500, which note purported to be executed by the defendant as principal, and J. E. Ross, J. D. Thomas and G. W. Maze as sureties, and payable to said People's Bank one year after the date thereof. The indictment alleged that the signatures of Ross, Thomas and Maze had been forged to this note. There was some evidence of this alleged forgery, and also some evidence that all the signatures to the note were genuine.

Defendant, who was tried in Waynesville, in Pulaski county, on September 20, 1910, resided in Green county, about one hundred miles distant from the place of trial. He left home on Sunday morning to attend the trial, and from the nature of the route it required nearly a whole day to reach Waynesville. At one-thirty p. m. on Monday defendant was served at Waynesville with a written notice to produce at the trial the alleged forged note. The indictment charges and the evidence proves that this note was delivered to the defendant in 1908, at which time he gave a renewal note therefor.

The defendant's trial took place on Tuesday, the day following the service of the above mentioned notice; and he contends that the notice was not served on him a reasonable time before the trial, and that the circuit court committed reversible error in admitting, over his objection, parol evidence of the contents of said alleged forged note.

The reason for requiring notice to the defendant to produce a document which he is charged with having forged and which is in or presumed to be in his possession, is (1) to enable him to produce the document, if he so desires; and (2) if it be lost or destroyed, to enable him to summon witnesses to meet such proof of its contents as may be offered by the adverse party.

While the defendant could not be compelled to produce a document which might tend to establish his guilt, he has a right to assume that parol evidence of the contents of such a document in his possession will not be offered in evidence without giving him a reasonable opportunity to produce the original, if he believes it might tend to establish his innocence. [State v. Martin, 229 Mo. 620, l. c. 636; State v. Flanders, 118 Mo. 227; 2 Bish. Crim. Prac., sec. 433; 3 Greenleaf on Evidence, sec. 107.] In this case, there was no attempt by either the State or the defendant to prove

that the alleged forged note upon which this prosecution is based had been lost or destroyed. The burden of proving the loss or destruction of a written document rests on the party seeking to introduce secondary evidence of its contents. [17 Cyc. 539.] The result of this appeal depends upon the sufficiency of the notice given to defendant to produce the alleged forged note. It has been seen that he resided one hundred miles from the place of trial. The place of the alleged forgery was also several miles from the place of trial, although in the same county.

There is no fixed rule as to what is reasonable notice in cases of this character. Every case must be governed by its own particular facts. In this case, if the defendant had left the note at his residence 100 miles away, he could not have obtained it after the notice was served on him in time for use at the trial; and if he had destroyed the note and there were witnesses residing outside the city of Waynesville by whom he might have desired to prove its contents, or the genuineness of the signatures thereto, he would not have had sufficient time to find them and procure their attendance after notice for its production was served; hence, we hold that the notice to produce was not served a sufficient time before the trial to warrant the circuit court in admitting secondary or parol evidence of its contents; and its action in so doing constitutes prejudicial error, for which its judgment is reversed and the cause remanded for a new trial.

*Kennish, P. J.,* and *Ferriss, J.,* concur.